IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| WILLIAM H. POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 323-096 |
| | ) | |
| JERMAINE WHITE; TONJA KEITH; DR. | ) | |
| DAVID CHENEY; MISTY WHITE; M. | ) | |
| YAWN; MR. WILLIS; MS. SMITH; MS. | ) | |
| EPPS; MS. GRAY; NURSE RYKARD; and | ) | |
| JANE/JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently incarcerated at Telfair State Prison, commenced this case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and previously moved for the appointment of counsel, or in the alternative, to dismiss his case without prejudice should the Court deny appointment of counsel. (See doc. no. 7.) On January 23, 2024, the Court denied Plaintiff's motion for counsel but declined to rule on his motion to dismiss without further communication from Plaintiff. (Doc. no. 9.) Instead, the Court instructed Plaintiff to inform the Court, within fourteen days, "whether he intends to proceed with this case or whether he wishes to voluntarily dismiss this case without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i)." (Id. at 3.) Plaintiff was warned that failure to timely communicate with the Court "may result in a recommendation that this case be dismissed." (Id. at 4.)

Plaintiff's deadline to respond has now passed, and the Court has received no communication from Plaintiff. Thus, Plaintiff's motion to dismiss his case is again before the Court. (Doc. no. 7.) A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to

comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Hum. Res., 298 F. App'x 862, 863 (11th Cir. 2008) (per curiam) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").  Also, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, sua sponte . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness."  Loc. R. 41.1 (b) & (c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (per curiam) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to comply with the Court's January 23rd Order amounts not only to a failure to prosecute, but also an abandonment of his case.  This is precisely the type of neglect contemplated by the Local Rules.  Plaintiff has been warned that failing to communicate with the Court may result in a recommendation that this case be dismissed.  (See doc. no. 9, p. 4.)  Because Plaintiff has failed to respond to the Court's January 23rd Order directing him to clarify whether he intends to proceed with his case, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion to dismiss be **GRANTED**, (doc. no. 7), this case be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 28th day of February, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

2